1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10

11          IN THE UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15  **DAVID QUESADA,**                       USDC-ND 08-2869 JF

16                         Petitioner,        **RESPONDENT'S REQUEST FOR STAY
                                              PENDING ISSUANCE OF THE
                                              MANDATE IN _HAYWARD_ OR, IN THE**
17        v.                                  **ALTERNATIVE, REQUEST FOR AN
                                              EXTENSION OF TIME;**
18  **ARTHUR KNOWLES, Acting Warden,**        **[PROPOSED] ORDERS**

19                         Respondent.        Judge:              The Honorable
                                                                  Jeremy Fogel
20

21                   **INTRODUCTION**

22      Petitioner filed a Petition for Writ of Habeas Corpus, contending that his due process rights

23  were violated by the Governor's 2006 decision finding him unsuitable for parole.  The Court

24  ordered a response to the Petition.  On May 16, 2008, the Ninth Circuit granted en banc review in

25  _Hayward v. Marshall_, 527 F.3d 797 (9th Cir. 2008).  Oral argument was heard on June 24, 2008.

26  The en banc court in _Hayward_ may decide whether this Court has jurisdiction over this case, and

27  the appropriate standard to be applied if there is jurisdiction.  Therefore, Respondent requests a

28  stay of this case pending the issuance of the mandate in _Hayward_.

1

## ARGUMENT

2

## I.

3
4
5

**THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.**

6      A trial court has discretion to ensure the just and efficient determination of a case by

7   staying it pending the resolution of other proceedings where a stay would be "efficient for [the

8   court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

9   593 F.2d 857, 863 (9th Cir. 1979).  In determining whether to grant a stay, a court should

10   consider the possible damage that may result, the hardship or inequity that a party may suffer,

11   and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

12   questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

13   1098, 1109, 1111 (9th Cir. 2005).  A court should also take into account the existence of similar

14   cases that are pending in the same district court, and the probability that more are likely to be

15   filed.  *Id.*  Staying cases that are on the forefront of an issue provides a necessary delay, allowing

16   for resolution of the issues and resulting in uniform treatment of like suits.  *Id.*

17      As the resolution of *Hayward* could significantly impact this case and numerous similar

18   cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

19   Court should exercise its discretion and stay this matter pending the issuance of the mandate in

20   *Hayward*.

21
22

    A.    **Moving Forward with This Case Before the Finality of**
          ***Hayward* Does Not Serve the Interest of Judicial Economy.**

23      Granting a stay in this case serves the interests of judicial order and economy.  On May

24   16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*.  (Ex. 1.)  At issue before the

25   en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

26   case: 1) whether California has created a federally protected liberty interest in parole for life

27   inmates, and 2) if a liberty interest is created, what process is due under clearly established

28   Supreme Court authority.  Resolution of these issues could establish that Petitioner does not have

1  a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

2  claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be

3  wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

4  parties would need to brief issues that will be decided en banc and then submit supplemental

5  briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may

6  unnecessarily complicate the matters raised and would impair the orderly course of justice.

7  Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

8  Court from having to revisit this matter if *Hayward* is modified or reversed.

9        A stay would also serve judicial order and economy by maintaining uniform treatment of

10  like suits, as once the law is settled it can be uniformly applied. In many habeas petitions

11  challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

12  the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

13  *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

14  *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

15  17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

16        Granting a stay would therefore conserve judicial resources and serve the Court's interest

17  in orderly managing these proceedings.

18  **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

19        A stay of this case at the district level would not unfairly impose any additional or

20  otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this

21  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

22  final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing

23  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*

24  Arg. I.A.)

25                                **CONCLUSION**

26        When the equities are balanced, the parties' interests and the interests of judicial economy

27  support staying this case pending the final resolution of *Hayward*. Staying this case until

28  challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

1  resolution of this matter, and will assist in maintaining uniformity of like suits pending before

2  this Court and similar cases that will be filed in the future.  Respondent therefore requests that

3  the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

4  In the alternative and if this request is denied, Respondent respectfully seeks a thirty day

5  extension of time from the date the Court's denial is served on the Attorney General's Office to

6  file the Answer.

7         Dated:  July 30, 2008

8                          Respectfully submitted,

9                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

10                         DANE R. GILLETTE
                           Chief Assistant Attorney General

11                         JULIE L. GARLAND
12                         Senior Assistant Attorney General

                           JENNIFER A. NEILL
13                         Supervising Deputy Attorney General

14

15

16
                           AMANDA J. MURRAY
17                         Deputy Attorney General
                           Attorneys for Respondent

18

19
   20122338.wpd
20 SF2008200129

21

22

23

24

25

26

27

28

Req. for Stay                                                          *Quesada v. Knowles*
                                                                       USDC-ND 08-2869 JF

4

# EXHIBIT 1

**FILED**

**FOR PUBLICATION**

MAY 16 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD HAYWARD,<br><br>                    Petitioner - Appellant,<br><br>    v.<br><br>JOHN MARSHALL, California Men's<br>Colony East,<br><br>                    Respondent - Appellee. | No. 06-55392<br><br>D.C. No. CV-05-07239-GAF(CT)<br><br><br>ORDER |

**KOZINSKI**, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35-3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.